IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00993-WJM-BNB

MEMORYTEN, INC., a California corporation,

Plaintiff,

v.

LV ADMINISTRATIVE SERVICES, INC., a Delaware corporation,
LAURUS MASTER FUND, LTD., a Cayman Islands corporation,
LAURUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,
VALENS CAPITAL MANAGEMENT, LLC, a New York limited liability company,
VALENS INVESTMENT ADVISORS, L.P., a Delaware limited partnership,
WAY TECHNOLOGY, LLC,
SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation, and
SILICON MOUNTAIN MEMORY,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) **The Laurus Parties' Motion to Strike MemoryTen Inc.'s Expert Disclosures**

[Doc. # 92, filed 12/17/2012] (the "Motion to Strike Experts"); and

(2) **LV Defendants' <u>Renewed</u> Request for Sanctions Pursuant to Fed. R. Civ. P.**

**37** [Doc. # 94, filed 12/17/2012] (the "Motion for Sanctions").

I held a hearing on the motions this afternoon and made rulings on the record, which are

incorporated here.

## 1.  Motion to Strike Experts

Expert disclosures were due on December 7, 2012.  Minute Order [Doc. # 80]. MemoryTen made its disclosures when due, but those disclosures do not comply with the requirements of Fed. R. Civ. P. 26(a)(2).  Most importantly, they do not contain a written report, prepared and signed by the expert, containing a complete statement of all opinions the expert will express and the bases and reasons for those opinions.

On December 20, 2012, however, I allowed MemoryTen to amend its complaint and to add two new parties.  At the conclusion of the hearing where leave to amend was granted, and in response to a question for the LV Defendants' counsel, I stated:

> [P]robably you'll need to get the new parties in and you should consult all among yourselves and propose a revised schedule if that's necessary and it probably will be.

Transcript of Proceedings, December 20, 2012 [Doc. # 105] at p. 22 line 23 through p. 23 line 1.

The newly added defendants--Way Technology, LLC ("Way Tech"), and Silicon Mountain Memory ("SMM")--purportedly were served on January 3, 2013.  Neither has answered or otherwise responded, however, and the responses are overdue.

I anticipate setting a new schedule, particularly if Way Tech and SMM participate in the case.  Consequently, the Motion to Strike [Doc. # 92] is DENIED.  To move the case along, however, I will require the parties to file a status report, on or before February 15, 2013, addressing (a) whether Way Tech and SMM are expected to participate in the action, (b) the status of that participation, and (c) any amendments which the parties propose to the pretrial schedule.  In the event Way Tech and SMM have not responded to the Amended Complaint and are not expected to participate in the litigation, the MemoryTen shall seek the entry of default

against them on or before February 14, 2013.

## 2.  Motion for Sanctions

By an Order [Doc. # 74] entered on November 14, 2013, I found:

> The plaintiff and Mr. Olsen have failed to meet even the most basic obligations in responding to the LV Defendants' First Set of Written Discovery.  No reasonable inquiry or search for responsive documents was conducted and obviously responsive documents were not produced.

Id.  Consequently, I ordered that on or before December 3, 2012, the plaintiff must "[p]rovide a supplemental discovery response that conforms to the formalities of the Federal Rules of Civil Procedure and produce all documents and materials responsive to the LV Defendants' First Set of Written Discovery."  Id.  I denied without prejudice the LV Defendants' request for the award of reasonable expenses in bringing their motion to compel, stating that it could be "renewed, if necessary, after the plaintiff's compliance with the requirements of this Order and in view of any additional expenses which the LV Defendants may incur in curing the plaintiff's failure to comply with its discovery obligations."  Id.

In their Motion for Sanctions [Doc. # 94], the LV Defendants complain that MemoryTen (1) was late in producing the documents subject to my order, requiring the filing of the Motion for Sanctions to cause that production; and (2) has not produced any documents supporting certain categories of damages claimed.  As a remedy, the LV Defendants seek an order "(a) prohibiting MemoryTen from introducing evidence concerning its damages and evidence concerning any other issue as to which MemoryTen has failed to comply with its discovery obligations [and] (b) awarding the LV Defendants their attorneys' fees and costs for having to engage in and respond to MemoryTen's wrongful discovery conduct, as well as needing to

3

redepose deposition witnesses. . . ." Id. at p. 6.

MemoryTen responds to the Motion for Sanctions by asserting that as of December 18, 2012, it had "in fact produced all documents in its possession, custody and control." Response [Doc. # 108] at p. 2.

In some respects, the Motion for Sanctions is premature. Two new parties have been joined, and discovery remains to be conducted. MemoryTen contends that documents relevant to the issue of its damages and otherwise responsive to the LV Defendants' production requests are likely to be in the possession of other parties; those documents have not yet been produced; and it is not appropriate to preclude MemoryTen from relying on those documents in support of its claims. Consequently, I am persuaded that an order prohibiting MemoryTen from introducing evidence is premature. In this regard, however, I take MemoryTen's counsel at its word that all documents in MemoryTen's possession, custody, and control which are responsive to the LV Defendants' discovery requests have been produced. MemoryTen should not be allowed to rely on documents produced by it subsequent to this order which should have been produced in response to the LV Defendants' First Set of Written Discovery.

On the other hand, MemoryTen's continuing failure to comply with its discovery obligations and with my Order [Doc. # 74] is not substantially justified and compels the award of the LV Defendants' reasonable expenses incurred in causing MemoryTen to comply.

As noted, MemoryTen's initial responses to the LV Defendants' First Set of Written Discovery was wholly inadequate. See Order [Doc. # 74] (noting that "[t]he plaintiff and Mr. Olsen have failed to meet even the most basic obligations in responding to the LV Defendants' First Set of Written Discovery"). Although MemoryTen did produce some documents pursuant

to my Order on December 4, 2013, one day late, many documents were not produced then. Instead, MemoryTen and its counsel stated that the remaining responsive documents would be produced "within one week" of December 3, 2012.  Affidavit of Kenneth Olsen [Doc. # 90] at ¶6; Affidavit of Jeffrey G. Jacobs [Doc. # 89] at ¶5.  The documents were not produced by December 10, 2012, as indicated, nor had they been produced on December 17, 2012, when the LV Defendants filed the Motion for Sanctions.  The documents finally were produced (although the LV Defendants contend that the production is inadequate) on December 18, 2012.

     Rule 37(a)(5)(A), Fed. R. Civ. P., provides that if a motion to compel discovery is granted--or the discovery is provided after the motion to compel was filed--"the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the motion to compel was brought without first attempting in good faith to resolve the dispute, the opposing party's conduct was substantially justified, or the award of expenses would be unjust.  Here, I find that the motion to compel was granted and, even in the face of my order compelling discovery, the LV Defendants still had to bring the Motion for Sanctions before many  responsive documents were produced.  The LV Defendants attempted in good faith but without success to resolve the discovery dispute without judicial involvement.  MemoryTen's improper failure to comply with its discovery obligations was not substantially justified.  And the award of reasonable expenses against MemoryTen would not be unjust.  Consequently, I will award the LV Defendants their reasonable expenses in bringing the Motion to Compel [Doc. # 62] and the Motion for Sanctions [Doc. # 94].  The award is made against MemoryTen alone, and not against its counsel.

To facilitate the award of reasonable expenses, the LV Defendants shall submit to MemoryTen's counsel, on or before February 11, 2013, a fee application that complies with the requirements of D.C.COLO.LCivR 54.3. In the event the parties cannot agree on the amount of the expenses and those expenses have not been paid in full on or before February 25, 2013, the LV Defendants shall file the fee application for my determination.

IT IS ORDERED:

(1)     The Motion to Strike Experts [Doc. # 92] is DENIED;

(2)     On or before February 15, 2013, the parties shall file a status report addressing (a) whether Way Tech and SMM are expected to participate in the action; (b) the status of that participation; and (c) any amendments which the parties propose to the pretrial schedule; and

(3)     The Motion for Sanctions [Doc. # 94] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to require MemoryTen to pay the LV Defendants' reasonable expenses, including attorneys fees, in bringing the Motion to Compel [Doc. # 62] and the Motion for Sanctions [Doc. # 94]. To facilitate the award of reasonable expenses, the LV Defendants shall submit to MemoryTen's counsel, on or before February 11, 2013, a fee application that complies with the requirements of D.C.COLO.LCivR 54.3. In the event the parties cannot agree on the amount of the expenses and those expenses have not been paid in full on or before February 25, 2013, the LV Defendants shall file the fee application for my determination; and

• DENIED in all other respects.

Dated February 1, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge