IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0993-WJM-BNB

MEMORYTEN, INC., a California corporation,

    Plaintiff,

v.

LV ADMINISTRATIVE SERVICES, INC., a Delaware corporation,
LAURUS MASTER FUND, LTD., a Cayman Islands corporation,
LAURUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,
VALENS CAPITAL MANAGEMENT, LLC, a New York limited liability company,
VALENS INVESTMENT ADVISORS, L.P., a Delaware limited liability partnership,
SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation,
SILICON MOUNTAIN MEMORY, a Missouri limited liability company, and
WAYTECH, LLC, a Missouri limited liability company,

    Defendant.

---

VALENS U.S. SPV I, LLC, a Delaware limited liability company,
VALENS OFFSHORE SPV I, LTD., a Cayman Islands corporation,
PSOURCE STRUCTURED DEBT LIMITED, a Guernsey company,
VALENS INVESTMENT ADVISORS, L.P., a Delaware limited liability partnership,
LAURUS MASTER FUND, LTD., a Cayman Islands corporation,
LV ADMINISTRATIVE SERVICES, INC., a Delaware corporation,
LAURUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, and
VALENS CAPITAL MANAGEMENT, LLC, a New York limited liability company,

    Counterclaimants,

v.

MEMORYTEN, INC., a California corporation, and
KENNETH OLSEN,

    Counter-Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR RELIEF FROM ORDER OF
DISMISSAL AND TRANSFER TO SOUTHERN DISTRICT OF NEW YORK**

Plaintiff MemoryTen, Inc. ("Plaintiff") brings this action against Defendants LV Administrative Services, Inc., Laurus Master Fund, Ltd., Laurus Capital Management, LLC, Valens Capital Management, LLC, Valens Investment Advisers, L.P., (collectively the "LV Defendants"), Silicon Mountain Holdings, Inc. ("Silicon"), Silicon Mountain Memory, and WayTech, LLC, alleging breach of contract and related claims. (Second Am. Compl. ("SAC") (ECF No. 125).)

On April 30, 2013, the Court granted the LV Defendants' Motion to Dismiss, finding that the LV Defendants did not have sufficient minimum contacts with the District of Colorado so as to subject them to the jurisdiction of this Court ("Dismissal Order"). (ECF No. 163.) Before the Court is Plaintiff's "Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b) and Transfer to the Southern District of New York Pursuant to 28 USC § 1631" ("Motion"). (ECF No. 165.) The Motion asks the Court to alter or amend the Dismissal Order to vacate the dismissal and instead transfer the case to the Southern District of New York. (*Id.*) For the reasons set forth below, the Motion is granted.

## I.  LEGAL STANDARD

Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b)(1), which permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect". As a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner*

2

*v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).  The standard for excusable neglect is somewhat more forgiving.  Excusable neglect is an "elastic concept" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship.*, 507 U.S. 380, 392 (1993).  Rather, for purposes of Rule 60(b), "excusable neglect" encompasses situations in which an attorney's mistake can be attributed to negligence, in addition to "simple, faultless omissions to act, and . . . omissions caused by carelessness."  *Id*. at 388, 394.

A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court.  *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion).

## II.  ANALYSIS

In opposing the LV Defendants' Motion to Dismiss for lack of personal jurisdiction, Plaintiff argued that the LV Defendants had consented to jurisdiction in Colorado, and that they had sufficient minimum contacts with the state so as to permit the Court to exercise jurisdiction.  (ECF No. 34.)  Notably, Plaintiff did not seek transfer of the case in the event the Court determined that it did not have personal jurisdiction over the LV Defendants.  (*Id*.)  The Court ultimately found that it did not have personal jurisdiction over the LV Defendants, and dismissed the claims against them without prejudice.  (ECF No. 163 at 23.)  The case remains pending against Defendants Silicon

Mountain Holdings, Inc., Silicon Mountain Memory, LLC, and Waytech, LLC.  (*Id.*)

The instant Motion seeks relief from the Dismissal Order on the grounds that Plaintiff's counsel inadvertently neglected to seek transfer of the case in the event the Court found that it lacked jurisdiction over the LV Defendants.  (ECF No. 165 at 5.)  The LV Defendants and Waytech have submitted briefs opposing the relief requested, and arguing that Plaintiff has failed to show excusable neglect.  (ECF Nos. 170 & 171.)

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Jennings v. Rivers*, 394 F .3d 850, 856 (10th Cir. 2005) (quoting *Pioneer*, 507 U.S. at 395).  The factors that a court should consider in determining whether neglect was excusable are: (1) danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*. at 856-57.

The most important factor in assessing the equities is the reason for the alleged neglect.  *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (noting that the reason for the error was "a very important factors—perhaps the most important single factor—in determining whether neglect is excusable.")  Plaintiff argues that it assumed the Court would transfer the action if it determined that personal jurisdiction over the LV Defendants was lacking.  (ECF No. 165 at 5.)  Plaintiff's counsel has submitted an affidavit stating that he "mistakenly did not request for the Court to transfer this action in the event the Court found no jurisdiction over LV in the State of Colorado."  (Jacobs Aff. (ECF No. 165-1) ¶ 2.)

In similar cases involving counsel's failure to request certain relief, the courts' refusal to find excusable neglect often turns on whether that failure was a strategic decision or a mere oversight. *See Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (explaining that "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief"); *Slaughter v. S. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) (stating that "tactical decision" to withhold affidavits on motion for summary judgment could not be deemed excusable neglect). In this case, Plaintiff explicitly states that the failure to request transfer was not a tactical decision. (ECF No. 165 at 6.) Defendants offer no evidence to rebut this.

Plaintiff instead contends that it simply assumed that the Court would transfer the case, pursuant to 28 U.S.C. § 1631, if it found jurisdiction lacking. Section 1631 provides that where a court lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed". The Court disagrees with Plaintiff's suggestion that the Court should have acted more with more "vigilance" and transferred the case to the Southern District of New York *sua sponte* upon finding that it lacked personal jurisdiction over the LV Defendants. (*See* ECF No. 165 at 5.) It is counsel's job to advocate for his client; the Court has no duty to comb through federal statutes to identify a source of relief for a party. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the Court is not obligated to make arguments for the parties).

Additionally, although Section 1631 contains the word "shall", the Tenth Circuit has interpreted the phrase "if it is in the interest of justice" to give the Court discretion to either transfer an action or dismiss without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). As Plaintiff's opposition to the LV Defendants Motion to Dismiss did not address transfer at all, Plaintiff also failed to make a showing that transfer was in the interests of justice. Thus, dismissal of this case without prejudice was plainly within the Court's discretion, and it was Plaintiff's burden to show that transfer, rather than dismissal, was appropriate.

Despite this, in light of the seemingly mandatory language in Section 1631, the Court finds that counsel's failure to specifically request that the Court transfer the case if jurisdiction was found lacking was excusable. Therefore, the Court finds that the reason for counsel's neglect in this case weighs in favor of granting the relief requested. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (stating that Rule 60(b)(1) allows for relief from mistakes that are "excusable litigation mistakes").

Furthermore, the Court finds that setting aside the dismissal and transferring the entire case to the Southern District of New York would not prejudice Defendants. The LV Defendants have not attempted to allege any prejudice that would result from the transfer. (ECF Nos. 170 & 171.) Indeed, the LV Defendants are based in New York, so defending against this action in that jurisdiction would likely be significantly easier for them. Waytech is based in Missouri—as is its counsel—so defending against this action is equally inconvenient in either jurisdiction.

In contrast, Plaintiff could suffer significant prejudice if the Court fails to grant the relief requested. The Court's dismissal of the LV Defendants was without prejudice

and, therefore, Plaintiff could re-file that action in the Southern District of New York. However, this case remains pending in the District of Colorado against three of the eight original Defendants. Therefore, if the Court does not grant relief from the Dismissal Order and transfer the entire case, Plaintiff may be forced to litigate this action piecemeal, which is prejudicial to Plaintiff and a waste of judicial resources. Therefore, the Court finds that the prejudice to the parties weighs in favor of granting the relief requested.

The length of delay also weighs in favor of granting relief. The Court entered its dismissal order on April 30, 2013 and the instant Motion was filed on June 4, 2013. Given the one year deadline for Rule 60(b)(1) motions, Plaintiff acted relatively promptly in filing its Rule 60(b) motion. Additionally, during the five week delay between entry of the Dismissal Order and the filing of the Motion, there were no court proceedings. Thus, the Court finds that the delay in filing the Motion did not impact the proceedings in any way.

Finally, there is also no evidence of bad faith on the part of Plaintiff. Plaintiff's counsel has admitted that the failure to request transfer in the alternative was a simple oversight. (ECF No. 165-1 ¶ 2.) Defendants have offered no evidence or argument to the contrary. Although the Court certainly does not condone counsel's actions in this case—it is plainly counsel's obligation to request the appropriate relief and cite the relevant authority for each request—there is no suggestion that the failure to request transfer was in bad faith.

Therefore, the Court finds that all four Rule 60(b)(1) factors weigh in favor of granting the relief requested and setting aside the Dismissal Order. In accordance with

28 U.S.C. § 1631, the Court further finds that transfer of this action to the Southern District of New York is in the interests of justice.[1]  Transfer will allow this action to proceed against all Defendants in one case, and avoid unwarranted piecemeal litigation.  *See Sierra Club v. Two Elk Generation Partners, Ltd.*, 646 F.3d 1258, 1272 (10th Cir. 2011) (noting societal interest in avoiding piecemeal litigation).  Vacating the Dismissal Order and transferring the case also ensures that this action will be resolved on the merits, and avoids any potential statute of limitations issues.  *See Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 990 (5th Cir. 1989) (noting that dismissal without prejudice can result in a case being barred by statute of limitations).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b) and Transfer to the Southern District of New York Pursuant to 28 U.S.C. § 1631 (ECF No. 165) is GRANTED;

2. The Court's April 30, 2013 Order Granting Defendants' Motion to Dismiss (ECF No. 163) is VACATED to the extent it dismissed the LV Defendants from this action.  The Court's ruling that the LV Defendants are not subject to personal

---

[1]  Defendant Waytech contends that transfer to the Southern District of New York is not appropriate because its only contact with New York is its relationship with the LV Defendants. (ECF No. 171 at 8.)  However, depending on the significance of this relationship, it could suffice to give the New York courts general jurisdiction over Waytech.  Moreover, it is undisputed that the LV Defendants reside in New York, that Waytech has conducted business with them, and that this litigation relates to that transaction.  A single transaction can be sufficient to establish specific personal jurisdiction over an entity.  *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988) ("In proper circumstances, even a single letter or telephone call to the forum state may meet due process standards.").  Thus, the Court does not find that New York is so obviously lacking personal jurisdiction over Waytech as to influence the determination of whether transfer is in the interests of justice.

jurisdiction in the District of Colorado is unaffected;

3.  The Clerk shall RESTORE as party-Defendants the following entities: LV Administrative Services, Inc., Laurus Master Fund, Ltd., Laurus Capital Management, LLC, Valens Capital Management, LLC, and Valens Investment Advisors, L.P.;

4.  The above-captioned action is TRANSFERRED in its entirety to the Southern District of New York in accordance with 28 U.S.C. § 1631; and

5.  The Clerk shall transmit the record.

Dated this 29th day of January, 2014.

BY THE COURT:

William J. Martinez
United States District Judge