```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
    MEMORYTEN, INC.,                                  :
                                                      :
                              Plaintiff,              :      14 Civ. 635 (KPF)
                                                      :
                     v.                               :             ORDER
                                                      :
    SILICON MOUNTAIN HOLDINGS, et al.,                :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __May 4, 2015__ |

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Defendant WayTech LLC's ("WayTech") motion for attorneys' fees and costs resulting from the Court's granting of its motion to dismiss the complaint of Plaintiff MemoryTen, Inc. ("MemoryTen"), *see MemoryTen, Inc.* v. *Silicon Mountain Holdings*, No. 14 Civ. 635 (KPF), 2015 WL 1176172 (S.D.N.Y. Mar. 16, 2015). Because the instant motion is both untimely and unmerited, the motion is denied.

    WayTech's motion is made pursuant to Federal Rule of Civil Procedure 54(d), which provides that a motion must "be filed no later than 14 days after the entry of judgment." WayTech substantially missed the mark, filing its motion 44 days after the filing of the Court's Opinion and Order (Dkt. #225) and 37 days after the Clerk of Court's entry of judgment (Dkt. #226). WayTech may have believed the timing was governed by Local Rule 54.1's 30-day deadline for filing a notice of taxation of costs — though it missed even this time frame — but Local Rule 54.1(c)(7) expressly provides that "[a] motion for

attorney fees and related nontaxable expenses shall be made within the time period prescribed by Fed. R. Civ. P. 54." Nor does the Colorado statute governing attorneys' fees provide for a different time frame. *See* Colo. Rev. Stat. § 13-17-102 *et seq.* Accordingly, the motion is untimely.

Moreover, even had the motion been timely filed it would be denied on the merits. WayTech provides Colorado state law as the basis for an award of fees and costs; even accepting that application of such law is appropriate where a federal action has been transferred to a district court in another state, WayTech has failed to meet the statute's requirements. The statute in question provides for reasonable attorneys' fees and costs for any action filed in that state that is found to "lack[] substantial justification," which term is defined as meaning "substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-102(4). Here, WayTech effectively argues that because the Court granted its motion to dismiss, finding that the language of the relevant contracts was unambiguous in support of its position, MemoryTen's action must have been *ipso facto* lacking in substantial justification. Yet the Colorado Supreme Court has held that "simply because a claim lacks merit does not mean that it was frivolous, groundless, or vexatious under section 13–17-102(4)." *Munoz* v. *Measner*, 247 P.3d 1031, 1035 (Colo. 2011). Even when a party loses a motion to dismiss, such an outcome does not render its arguments frivolous. *Cherokee Metro. Dist.* v. *Upper Black Squirrel Creek Designated Ground Water Mgmt. Dist.*, 247 P.3d 567, 576 (Colo. 2011) ("Although Cherokee ultimately did not survive a motion to dismiss,

there were no factual disputes, only legal.  Where rational minds can disagree, as evidenced by this court's own opinion, a party's claims to pursue a creative, but ultimately wrong, legal theory to protect its significant rights are not substantially frivolous, groundless, or vexatious.").  The dispute in the underlying case involved a series of commercial transactions and the interaction of multiple contracts with the operation of creditors' remedies under the Uniform Commercial Code.  *See generally MemoryTen*, 2015 WL 1176172.  Although the interaction of these elements was ultimately discernible on a motion to dismiss, the arguments made by MemoryTen were not frivolous or groundless.[1]

For the reasons set forth herein, the motion is DENIED.  The Clerk of Court is directed to terminate Docket Entry 227 or any refiled version thereof.

SO ORDERED.

Dated: May 4, 2015
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[1] Although Colorado law sets forth eight specific factors for a court to consider in evaluating such a motion, *see* Colo. Rev. Stat. § 13-17-103, the Colorado Supreme Court has held that courts are only required "to make specific factual findings with regard to the application of the section's enumerated factors only when granting an award of fees, not when denying an award," *Munoz*, 247 P.3d at 1034.  The Court thus believes that it has sufficiently set forth the reasons for the denial of WayTech's motion.